IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL CHAD BOWERS,

    Petitioner,

v.                                        CASE NO. 19-3132-JWL

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth, proceeds pro se. The Court grants Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2). The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action for the following reasons.

**Background**

Petitioner pled guilty to conspiracy to possess stolen firearms (Count One), possession of stolen firearms (Count Two), and two counts of possession of firearms by a convicted felon (Counts Four and Seven), and was sentenced to a 327-month term of imprisonment in the U.S. District Court for the Middle District of North Carolina on September 2, 2010. *See United States v. Bowers*, No. 1:09-cr-00240-TDS, Doc. 141 (M.D. N.C. Sept. 2, 2010). The district court's judgment was affirmed by the Fourth Circuit Court of Appeals on June 9, 2011. *Id*. at Doc. 183.

On January 6, 2012, Petitioner filed a motion pursuant to 28 U.S.C. § 2255, arguing that his prior North Carolina convictions no longer qualified as felonies pursuant to *United States v. Simmons*, 649 F.3d 237, 241–47 (4th Cir. 2011) (en banc). *Id*. at Doc. 202. The district court granted the motion, vacated Counts 4 and 7, and on March 21, 2013, resentenced Petitioner on the

1

remaining two counts to a 180-month term of imprisonment. *Id*. at Docs. 247, 283. Petitioner appealed, and the Fourth Circuit affirmed, finding that the district court's explicit factual finding at the original sentencing hearing that the Norinco was stolen as part of the conspiracy applied at resentencing and Petitioner was not entitled to consideration of any additional evidence on the issue. *Id*. at Doc. 330, at 4–5 (finding that "[t]he district court considered and rejected Bowers' objection to the inclusion of the Norinco in the offense conduct at the original sentencing hearing, and we affirmed the district court's ruling on appeal. Bowers, 434 F. App'x at 267–68. Thus, Bowers' objection falls within the 'law of the case doctrine.'").

Petitioner filed another § 2255 motion on February 20, 2014, which was dismissed without prejudice to Petitioner refiling it on the proper form. *Id*. at Docs. 336, 342. Petitioner refiled his § 2255 motion on July 2, 2014, challenging the court's use of his possession of a Norinco rifle to enhance his sentence and arguing that the rifle was not included in the indictment. *Id*. at Doc. 345. The motion was denied on June 1, 2016, and the court found that the rifle could properly be used to calculate his offense level without it being charged in his indictment. *Id*. at Docs. 413, 419. Petitioner appealed, and the Fourth Circuit denied a certificate of appealability on September 15, 2016. *Id*. at Doc. 431.

Petitioner filed the instant § 2241 Petition, challenging the validity of his sentence as imposed. Petitioner claims that it was enhanced "through impermissible Sentencing Factors the inclusion of a weapon that was not a part of the factors in the overall case and should not have been included." (Doc. 1, at 2.) Petitioner claims "[t]here was no proof that the weapon was stolen. It was erroneously included as part of the guideline calculation, included in the presentencing report and applied at sentencing." *Id*. Petitioner seeks resentencing based on evidence and testimony that the enhancement related to the Norinco rifle should not apply.

**Analysis**

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). This remedy is normally the only means to challenge a federal conviction after the direct appeal is resolved. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner has not shown a compelling reason that might justify the use of § 2241 to test the legality of his confinement. "Only in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines*, 609 F.3d at 1073. A petitioner does not present one of these rare instances "simply by asserting his ability to file a § 2255 motion is barred by timing or filing restrictions." *Crawford v. United States*, 650 F. App'x 573, 575 (10th Cir. 2016) (unpublished) (citing *Sines*, 609 F.3d at 1073; *Haynes v. Maye*, 529 F. App'x 907, 910 (10th Cir. 2013) (unpublished) (noting fact that § 2255 motion is time-barred doesn't render § 2255 remedy inadequate or ineffective); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the [§ 2255] remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it.").

Having considered the Petition and the nature of the claim presented, the Court dismisses this matter. Petitioner may seek authorization in the U.S. Court of Appeals for the Fourth Circuit

to pursue a second or successive application for relief under 28 U.S.C. § 2255 in the district of his conviction. *See* 28 U.S.C. 2255(h). Having failed to establish that the remedy provided in § 2255 was inadequate or ineffective, Petitioner may not proceed under § 2241. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's motion to proceed *in forma pauperis* (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED** that Petitioner's motion seeking discovery, an evidentiary hearing, and appointment of counsel (Doc. 4) is **denied.**

**IT IS FURTHER ORDERED** that the Petition is **dismissed**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 30th day of July, 2019.**

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**